UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

UNITED STATES OF AMERICA,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　　)
　　　vs.　　　　　　　　　　　　)　　　Cause No. 1:00-cr-0140-01 (LJM/KPF)
　　　　　　　　　　　　　　　　)
WILLIAM SOWARD,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant.　　　　)


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**


This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered

by the Honorable Larry J. McKinney, Judge, on April 30, 2012,  designating this Magistrate Judge

to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed

with the Court on April 30, 2012, and the Supplemental Petition for Warrant or Summons for

Offender Under Supervision, filed with the Court on May 10, 2012, and to submit to Judge

McKinney proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C.

§§3401(i) and 3583(e).  All proceedings in this matter were held on May 14, 2012, pursuant to Title

18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.[1]　　The

government appeared by Gayle Helart, Assistant United States Attorney; the defendant appeared in

person with his appointed counsel, Juval Scott, Office of the Indiana Federal Community Defender;

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise
noted. *See*, Title 18, United States Code, Section 3401(e).

and Chris Dougherty, U. S. Parole and Probation officer, appeared and participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Juval Scott, Office of the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Soward in regard to both Petitions.

2. A copy of both Petitions were provided to Mr. Soward and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Soward was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petitions.

4. That Mr. Soward would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Soward had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Soward had violated the alleged condition or conditions of supervised release set forth in the Petitions, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation on April 30, 2012.

7. Mr. Soward stated his readiness to waive the preliminary hearing. Mr. Soward then orally waived the preliminary hearing and he was held to answer.

8. Mr. Soward, by counsel, stipulated that he committed violations of specifications 2, 4, 5, 6, 7, 9 (in part), and 10, but not as to 1, 3 and 8. The government agreed that it would dismiss violations of specifications 1, 3 and 8, and the Court granted same. The violations admitted to are as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** |
| | The probation officer met with the offender eight days prior to his release from Volunteers of America. The offender stated his previous release plans were no longer viable, and he wanted to live with his girlfriend, Jody Kelly, a convicted felon who lived alone. The offender was advised he could not live with Ms. Kelly due to her felon status. The offender stated he would be homeless if not allowed to live with Ms. Kelly. The probation officer advised the offender that he could reside with Ms. Kelly on an emergency basis until other arrangements could be made. Due to the offender's status as a sex offender, the probation office could not place him in any housing other than Volunteers of America. On March 22, 2012, this officer advised the offender that he needed to move out of Ms. Kelly's residence immediately and presented him with a waiver to reside at Volunteers of America until he had secured employment and funds to secure his own housing. The offender refused to sign the waiver and refused to leave Ms. Kelly's residence. |
| 4 | **"The defendant shall participate in a program of testing for substance abuse and shall pay a portion of the fees of testing as directed by the probation officer."** |
| | On March 23, 2012, the offender failed to report for a random drug screen. |
| 5 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 6 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, ro administer any** |

**controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**

7    **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."**

The offender submitted three urine screens which tested positive for cocaine and admitted smoking crack cocaine to produce two of the positive screens. The positive screens were submitted on April 13, 2012; April 30, 2012; and May 7, 2012. The offender submitted a dilute sample on April 23, 2012. The offender also admitted using heroin during the same time period as his positive screens for cocaine; however, he has not tested positive for opiates.

9    **"The defendant shall not commit another federal, state, or local crime."**

**"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."**

On May 20, 2012, Willie Soward was arrested by officers of the Indianapolis Police Department for Public Intoxication.

The offender did not report this arrest to the probation officer until May 7, 2012.

10    **"The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission t do so by the probation officer."**

On May 2, 2012, the probation officer questioned the offender regarding his two recent positive drug screens for cocaine. The offender admitted he smoked crack cocaine with another federal offender whom he met while a resident of VOA. The offender refused to provide the name of the other federal offender. Mr. Soward also continues to associate with felon Jody Kelly. As a police report indicates both subjects were arrested on April 20, 2012, and both appeared to be intoxicated.

The Court placed Mr. Soward under oath and directly inquired of him whether he admitted specifications of violations of his supervised release set forth above. Mr. Soward stated that he admitted the above violations as set forth. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated to the following:

1)      Mr. Soward has a relevant criminal history category of IV, U.S.S.G. §7B1.4(a).

2)      The most serious grade of violation committed by Mr. Soward constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3)      Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Soward is 12-18 months.

4)      The parties agree that the appropriate disposition for Mr. Soward's violation of the conditions of supervised release is to modify his supervised release as follows:

   i.      Mr. Soward's supervised release conditions be modified to include him residing at a community corrections center, namely, the Volunteers of America, Indianapolis, Indiana, for 180 days.

   ii.     Upon completion of his residency at the VOA, Mr. Kilgore will continue on supervised release as set at sentencing.

   iii.    Mr. Soward is to have no contact with Jody Kelly.

   iv.     Mr. Soward is to participate in a mental health clinic and is directed to continue to take any medicines prescribed.

The Magistrate Judge informed the defendant and the parties' respective counsel that he would accept the parties' stipulations.

The Court, having heard the admissions of the defendants, the stipulations of the parties, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release. The defendant's supervised release is therefore **MODIFIED** as stated above. The Magistrate Judge requests that Chris Dougherty, U. S. Parole and Probation officer, prepare for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a modified judgment and commitment order, in accordance with these findings, conclusions of law and recommendation.

Counsel for the parties and Mr. Soward stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Soward entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation modifying Mr. Soward's supervised release as set forth above.

IT IS SO RECOMMENDED this 16th day of May, 2012.

Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Gayle Helart,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Juval Scott,
Office of the Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal