UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:00-cr-0140 LJM-KPF |
| | ) | |
| WILLIE SOWARD, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. Mckinney, Judge, on August 20, 2012, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on August 17, 2012, and to submit to Judge McKinney proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings in this matter were held on August 20, 2012, pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.[1] The government appeared by Gayle Helart, Assistant United States Attorney; the defendant appeared in person with his appointed counsel, William Dazey, Office of the Indiana Federal Community Defender; and Chris Dougherty, U.S. Parole and Probation officer, appeared and participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18, United States Code, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That William Dazey, Office of the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Soward in regard to the Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Soward and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Soward was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Soward would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Soward had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Soward had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation on August 20, 2012.

7. Mr. Dazey stated that Willie Soward would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Soward waived, in writing, the preliminary examination and he was held to answer.

8. Mr. Soward, by counsel, stipulated that he committed specifications of violations numbered 1, 2, 3 and 4 set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1** | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| **2** | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| **3** | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

The offender submitted two urine drug screens which tested positive for opiates. The positive screens were submitted on July 16, 2012, and July 27, 2012. The screen on July 27, 2012, testified positive for the heroin metabolite. The offender admitted to this officer that he had been using heroin while a resident of VOA. He also made an admission of heroin use to a VOA staff member.

| | |
|---|---|
| **4** | **"The defendant shall reside for a period of up to 180 days at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."** |

The offender has received numerous violation reports at VOA since he reported to the facility on May 23, 2012, as a result of a modification of his supervised release, which was ordered by the Court on May 14, 2012.

On July 10, 2012, the offender was dropped off at his place of employment, a day labor business, at 6:30 a.m. He was told there was no work available for him on that date. Instead of returning to VOA, per facility rules, the offender remained in the community for the next eleven hours, returning to VOA at 5:50 p.m. When questioned regarding this incident, the offender stated he did not secure transportation for his return trip to VOA until 5:50 p.m. He admitted he failed to return to VOA on another date when he was not working.

On July 23, 2012, the offender got involved in a verbal altercation with another resident, threw some sugar packets at the resident and stated, "Come on out that kitchen so I can whoop your ass!" The VOA kitchen supervisor had to get between the offender and the second resident so the second resident could safely leave the area. The offender failed to follow directives to leave the area and continued to use profanity with the staff member.

On August 2, 2012, the offender was caught in his bunk smoking a cigarette and possessing a lighter, both contraband items and violations of VOA policy.

On August 8, 2012, a search of the VOA was conducted by VOA staff. The locker of another resident was searched and found to contain four containers of "spice," rolling papers, two cell phones, a GPS unit, a pack of cigarettes, and a lighter. Willie Soward admitted he put these items in the resident's locker to avoid being caught with contraband.

On August 9, 2012, the offender signed out of VOA on a four-hour pass to Keys To Work for employment assistance. The offender did not report to Keys To Work, and his whereabouts were unaccounted for from 8:00 am until he returned to the facility at 12:00 p.m.

Due to these incidents, especially the offender's threat of physical harm toward another resident, VOA staff have indicated they want to terminate the offender from their facility.

The Court placed Mr. Soward under oath and directly inquired of him whether he admitted specifications of violations of his supervised release set forth above. Mr. Soward stated that he admitted the above violations as set forth. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated to the following:

1) Mr. Soward has a relevant criminal history category of IV, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Soward constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Soward is 12-18 months.

4) The appropriate disposition of the case would be 18 months in the custody of the Attorney General or his designee, with no supervised release to follow.

The Court having heard the admissions of the defendant, stipulations of the parties, and the arguments and discussions of behalf of each party, **NOW FINDS** that Mr. Soward violated the conditions of supervised release as delineated in the Petition to Revoke his supervised release.

Mr. Soward's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 18 months. It is recommended by the United States Magistrate Judge that defendant be designated to the Federal Correctional Institution at Pekin, Illinois. During his incarceration, defendant will be subject to mental health treatment, as well as drug addiction treatment. Upon release from confinement, Mr. Soward will not be subject to supervised release.

The Magistrate Judge requests that Chris Dougherty, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Soward stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Soward entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Soward's supervised release and imposing a sentence of imprisonment of 18 months in the custody of the Attorney General. It is recommended by the United States Magistrate Judge that defendant be designated to the Federal Correctional Institution at Pekin, Illinois. During his confinement, defendant will be subject to mental health treatment, as well as drug addiction treatment. Upon Mr. Soward's release from confinement, he will not be subject to supervised release.

IT IS SO RECOMMENDED this 20th day of August, 2012.

Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Gayle Helart,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

William Dazey,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal